

1  **MUSICK, PEELER & GARRETT LLP**
   ATTORNEYS AT LAW
2  650 TOWN CENTER DRIVE, SUITE 1200
   COSTA MESA, CALIFORNIA 92626-1925
   TELEPHONE: 714-668-2452
3  FACSIMILE: 714-668-2490

4  Sean P. Flynn (State Bar No. 220184)
   s.flynn@mpglaw.com

5  Attorneys for Defendant,
6  CREDIT MANAGEMENT, LP

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11

12  MELISSA MEYER,                    CASE No.   **C12-4842**

13         Plaintiff,                 NOTICE OF REMOVAL OF CIVIL
                                      ACTION FROM STATE COURT
14      vs.                           TO UNITED STATES DISTRICT
                                      COURT, NORTHERN DISTRICT
15  CREDIT MANAGEMENT, LP,            OF CALIFORNIA

16         Defendant.

17
                                      Action Filed:    July 31, 2012
18                                    Trial Date:      None Set

19

20      TO THE JUDGES OF THE UNITED STATES DISTRICT COURT,

21  NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION, AND

22  TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS HEREIN:

23      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a), Defendant

24  CREDIT MANAGEMENT LP ("Defendant"), hereby removes the above-entitled

25  action from the Superior Court for the State of California in and for the County of

26  Los Angeles, to the United States District Court, Northern District of California,

27  based on the following facts:

28

                                      1                            RG12641637
         NOTICE OF REMOVAL TO NORTHERN DISTRICT OF CALIFORNIA

1      1.     On or about July 30, 2012, an action was filed in the Superior Court of

2 the State of California for the County of Alameda, entitled *Melissa Meyer vs. Credit*

3 *Management, LP*, Case No. RG12641637 ("the Action"). Copies of the summons

4 and complaint are attached hereto as "Exhibit A."

5      2.     Plaintiff alleges as one of his causes of action violation of the Fair Debt

6 Collection Practices Act. Thus, this Court has original jurisdiction over this case

7 pursuant to 15 U.S.C.§ 1692k (d) , and 28 U.S.C. § 1331.

8      3.     A responsive pleading has been filed in the State Court Action. Copies

9 of the Answer is attached hereto as "Exhibit B."

10      4.     Defendant is not aware of any other events having taken place in the

11 State Court Action.

12      5.     Removal is timely pursuant to 28 U.S.C. §1446(b) as Notice of

13 Removal has been filed within thirty days after service of the Summons and

14 Complaint on August 15, 2012.

15      For the reasons stated above, Defendant removes the above entitled action

16 now pending in the Superior Court for the County of Alameda, Case No.:

17 RG12651637, to the United States District Court for the Northern District of

18 California.

19

20 DATED: September 13, 2012        **MUSICK, PEELER & GARRETT LLP**

21

22

23                          By:   */s/ Sean P. Flynn*

                                 Sean P. Flynn

24                                 Attorneys for Defendant

25                                 CREDIT MANAGEMENT, LP

26

27

28

# EXHIBIT A

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CREDIT MANAGEMENT, LP

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MELISSA MEYER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED**
ALAMEDA COUNTY

JUL 3 1 2012

CLERK OF THE SUPERIOR COURT
By D. Oliver, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Alameda

1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
R G 1 2 6 4 1 6 3 7

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741
Pat Sweeten

DATE: JUL 3 1 2012 Executive Officer/Clerk     Clerk, by **D. OLIVER** , Deputy
*(Fecha)*      *(Secretario)*     *(Adjunta)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

            ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



ENDORSED
FILED
ALAMEDA COUNTY

JUL 3 0 2012

CLERK OF THE SUPERIOR COURT
By D. Oliver, Deputy

1  Todd M. Friedman (216752)
2  Nicholas J. Bontrager (252114)
   Suren N. Weerasuriya (278521)
3  Law Offices of Todd M. Friedman, P.C.
   369 S. Doheny Dr. #415
4  Beverly Hills, CA 90211
   Phone: 877-206-4741
5  Fax: 866-633-0228
6  Attorneys for Plaintiff

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
                   FOR THE COUNTY OF ALAMEDA
9                     LIMITED JURISDICTION

10
                                    Case No.
11                                           R G 1 2 6 4 1 6 3 7
                                    ) COMPLAINT FOR VIOLATION
12  MELISSA MEYER                   ) OF ROSENTHAL FAIR DEBT
                                    ) COLLECTION PRACTICES ACT AND
13  Plaintiff,                      ) FEDERAL FAIR DEBT COLLECTION
                                    ) PRACTICES ACT
14
                                    )
15       vs.                        ) (Amount not to exceed $10,000)
                                    )
16  CREDIT MANAGEMENT, LP,          )
                                    )   1.  Violation of Rosenthal Fair Debt
17  Defendant.                      )       Collection Practices Act
                                    )   2.  Violation of Fair Debt Collection
18                                  )       Practices Act
19  _____)

20
                          I. INTRODUCTION
21
       1.  This is an action for damages brought by an individual consumer for Defendant's
22
23  violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*

24  (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

25  (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,

26  deceptive, and unfair practices.
27

28

## II. PARTIES

2.    Plaintiff, Melissa Meyer ("Plaintiff"), is a natural person residing in Alameda County, in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.    At all relevant times herein, Defendant, Credit Management, LP ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.    In February 2012, Defendant attempted to collect an alleged debt from Plaintiff bearing partial account no. 4847**** stemming from an alleged debt incurred from Comcast West Division.

6.    On more than one occasion, Plaintiff has disputed the alleged debt as the debt does not belong to Plaintiff.

7.    Defendant used deceptive practices including but not limited to, negatively reporting the alleged on Plaintiff's credit report.

8.    Defendant has and continues to negatively report the alleged debt on Plaintiff's credit report, communicating credit information that is known to be false.

Complaint - 2

9.      Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways,

including but not limited to:

      a) Falsely representing the character, amount, or legal status of
          Plaintiff's debt (§1692e(2)(A));

      b) Using false representations and deceptive practices in connection
          with collection of an alleged debt from Plaintiff (§1692e(10); and

      c) Communicating or threatening to communicate credit information
          which is known or which should be known to be false (§1692e(8)).

10.     As a result of the above violations of the FDCPA and RFDCPA, Plaintiff

suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for

Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

11.     Plaintiff reincorporates by reference all of the preceding paragraphs.

12.     To the extent that Defendant's actions, counted above, violated the RFDCPA,

those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant

for the following:

      A.   Actual damages;
      B.   Statutory damages for willful and negligent violations;
      C.   Costs and reasonable attorney's fees; and
      D.   For such other and further relief as may be just and proper.

///
///
///

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

     A.    Actual damages;
     B.    Statutory damages;
     C.    Costs and reasonable attorney's fees; and,
     D.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 25th day of July, 2012.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 4

```
Law Offices of Todd M. Freidman, PC
Attn: Friedman, Todd M.
369 S. Doheny Drive
#415
Beverly Hills, CA  90211____
```

## Superior Court of California, County of Alameda

| Meyer | No. RG12641637 |
|---|---|
| Plaintiff/Petitioner(s) VS. | NOTICE OF CASE-MANAGEMENT - --- CONFERENCE AND ORDER |
| Credit Management, LP | Limited Jurisdiction |
| Defendant/Respondent(s) (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 12/13/2012 | Department: 18 | Judge: Marshall Whitley |
|---|---|---|
| Time: 03:30 PM | Location: Administration Building Third Floor 1221 Oak Street, Oakland CA 94612 | Clerk: Adeline Kanae Clerk telephone: (510) 267-6934 E-mail: Dept.18@alameda.courts.ca.gov |
| | Internet: http://www.alameda.courts.ca.gov | Fax: (510) 267-1506 |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person † (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.
† Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this action. I served this Notice of Hearing, by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/02/2012.

By _____
Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number:RG12641637
Case Title:     Meyer  VS Credit Management, LP
Date of Filing: 07/30/2012

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| Judge: | **Marshall Whitley** |
| Department: | **18** |
| Address: | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6934** |
| **Fax Number:** | **(510) 267-1506** |
| **Email Address:** | **Dept.18@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a *statement* before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(f) effective as of 10/11/2011). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Marshall Whitley
DEPARTMENT 18

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

### Schedule for Department 18

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Monday through Thursday at 9:00 a.m.

- Case Management Conferences are held: Monday, Tuesday and Thursday at 3:30 p.m.

- Initial Case Management Conferences are held on Monday, Tuesday, and Thursday at 3:30 p.m.

- The court will issue tentative orders (TCMO). Rulings are found on the Court's website as "CMC Rulings & Orders".

- Law and Motion matters are heard: Wednesday at 3:00 p.m. and Friday at 10:00 a.m.

- Settlement Conferences are heard: Calendared by the Court.

- Ex Parte matters are heard: Only at the discretion of the court. Applications and any written responses thereto are filed and submitted on the pleadings; reviewed by the court and a ruling is issued.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations

Page 2 of 3

Email:     Dept.18@alameda.courts.ca.gov
Phone:     510-267-6934

For motion dates, contact the court by e-mail.

- Ex Parte Matters
  Email:     Dept.18@alameda.courts.ca.gov
  Phone:     510-267-6934

  See instructions above pertaining to exparte applications

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 18
- Phone: 1-866-223-2244

Dated: 08/01/2012

Presiding Judge,
Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/02/2012

By _____
Deputy Clerk

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752, Darin Shaw, Esq. SBN 251037<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 877-206-4741      FAX NO: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Melissa Meyer | ~~ENDORSED~~<br>~~RECEIVED EMPOLY~~<br>~~FILED~~<br>ALAMEDA COUNTY<br><br>'JUL 3 0 2012<br><br>CLERK OF THE SUPERIOR COURT<br>By D. Oliver, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
Melissa Meyer v. Credit Management, LP

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount<br>demanded<br>exceeds $25,000) | (Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | R G 1 2 6 4 1 6 3 7<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence        f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* 2

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 25, 2012

Todd M. Friedman
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT B

1 | MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
2 | 650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2452
3 | FACSIMILE 714-668-2490

Sean P. Flynn (State Bar No. 220184)
4 | s.flynn@mpglaw.com

5 | Attorneys for Defendant,
CREDIT MANAGEMENT, LP
6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF ALAMEDA

10

11 | MELISSA MEYER,

| CASE No. RG12641637

12 | Plaintiff,

| DEFENDANT'S ANSWER TO
| PLAINTIFF'S COMPLAINT

13 | vs.

| JURY DEMAND

14 | CREDIT MANAGEMENT, LP,

| Assigned to Hon. Marshall Whitley, Dept. 18

15 | Defendant.

| Action Filed:     July 31, 2012
16 | | Trial Date:      None Set

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 3 2012

CLERK OF THE SUPERIOR COURT
By Kmel Dhillon
Deputy

807858.1

RG12641637
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

BY FAX

1        Defendant CREDIT MANAGEMENT., L.P. ("Defendant") answers the Complaint of

2  Plaintiff MELISSA MEYER("Plaintiff"), as follows:

3                     **GENERAL DENIAL**

4        Pursuant to *Code of Civil Procedure* § 431.30(d), Defendant, generally and specifically,

5  denies each and every allegation in the unverified Complaint filed by Plaintiff, and specifically

6  denies that Plaintiff has been damaged in any of the sums mentioned in said Complaint, or in any

7  sum, or at all, or that Plaintiff is entitled to the relief sought in the Complaint as a result of any act,

8  omission, or delay in acting of this answering Defendant.

9                **AFFIRMATIVE DEFENSES**

10                  **FIRST DEFENSE**

11               (Statute of Limitations)

12     Plaintiff's entire Complaint is barred by the applicable statute of limitations.

13                 **SECOND DEFENSE**

14          (Contributory/Comparative Fault)

15        Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due

16  to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any

17  liability or claim of damages against Defendant.

18                  **THIRD DEFENSE**

19               (Bona Fide Error)

20     Plaintiff's claims are barred as against Defendant by the qualified immunity of 15 U.S.C. §

21  1692k(c) and California Civil Code 1788.30(e).  To wit, any violation of either statute, which

22  Defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding

23  the maintenance of procedures reasonably adapted to avoid such errors.

24                  **FOURTH DEFENSE**

25                  (Standing)

26     Plaintiff lacks standing to bring this action against Defendant under the Fair Debt

27  Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act.

28

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

807858.1                    1                    RG12641637

| | |
|---|---|
| 1 | **FIFTH DEFENSE** |
| 2 | (Failure to Mitigate) |
| 3 | Plaintiff failed, in whole or in part, to mitigate Plaintiff's damages despite having the |
| 4 | means to do so. |
| 5 | **SIXTH DEFENSE** |
| 6 | (Good Faith) |
| 7 | Defendant alleges that at all times it acted in good faith and with good cause. The conduct |
| 8 | of Defendant was within the reasonable expectations of the parties and was reasonably related to |
| 9 | Defendant's legitimate business interests upon the basis of reasonable factors. |
| 10 | **SEVENTH DEFENSE** |
| 11 | (Estoppel) |
| 12 | The Complaint and each of its purported claims for relief are barred by the doctrine of |
| 13 | estoppel. |
| 14 | **EIGHTH DEFENSE** |
| 15 | (Waiver) |
| 16 | The Complaint and each of its purported claims for relief are barred by the doctrine of |
| 17 | waiver. |
| 18 | **NINTH DEFENSE** |
| 19 | (Unclean Hands) |
| 20 | The Complaint and each of its purported claims for relief are barred by the doctrine of |
| 21 | unclean hands. |
| 22 | **TENTH DEFENSE** |
| 23 | (Laches) |
| 24 | The Complaint and each of its purported claims for relief are barred by the doctrine of |
| 25 | laches. |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

807858.1                                                                                       2                                                  RG12641637
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1                                 **ELEVENTH DEFENSE**

2                                  (Intervening Cause)

3       Plaintiff's alleged damages, which Defendant continues to deny, were not caused by

4 Defendant but by an independent intervening cause.

5                                   **TWELFTH DEFENSE**

6                  (Reservation of Additional Defenses)

7       Defendant alleges that the Complaint does not describe the alleged actions with sufficient

8 particularity to permit it to ascertain what other defenses may exist. Defendant therefore reserves

9 the right to assert all defenses that may pertain to the Complaint as the facts of the case are

10 discovered.

11       **WHEREFORE,** Defendant prays as follows:

12       1.     That Plaintiff take nothing by way of her Complaint herein and that this action is

13 dismissed in its entirety;

14       2.     For Defendant's attorney's fees and costs incurred herein; and

15       3.     For such other relief as the Court may deem just and proper.

16

17 DATED: September 12, 2012           **MUSICK, PEELER & GARRETT LLP**

18

19                                By:

20                                     Sean P. Flynn

                                    Attorneys for Defendant,

21                                     CREDIT MANAGEMENT, LP

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

807858.1                                  3                                  RG12641637

1

## DEMAND FOR JURY

2     Defendant, The CBE Group, Inc. demands a Jury Trial on all claims suitable for

3  determination by a Jury.

4
    DATED: September 12, 2012                **MUSICK, PEELER & GARRETT LLP**
5

6                                        By: _____

7                                            Sean P. Flynn
                                             Attorneys for Defendant
8                                            THE CBE GROUP, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

807858.1                                                          RG12641637
                                    4
                           DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1                **PROOF OF SERVICE**

2  **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3     At the time of service, I was over 18 years of age and **not a party to this action**. I am
4 employed in the County of Orange, State of California. My business address is 650 Town Center
Drive, Suite 1200, Costa Mesa, California 92626-1925.

5     On September 12, 2012, I served true copies of the following document(s) described as
**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; JURY DEMAND** on the
6 interested parties in this action as follows:

7            **SEE ATTACHED SERVICE LIST**

8  ☒   **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection
9 and mailing, following our ordinary business practices. I am readily familiar with Musick,
Peeler & Garrett LLP's practice for collecting and processing correspondence for mailing.
10 On the same day that the correspondence is placed for collection and mailing, it is
deposited in the ordinary course of business with the United States Postal Service, in a
11 sealed envelope with postage fully prepaid.

12     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

13     Executed on September 12, 2012, at Costa Mesa, California.

14

15

16               Michele D. Mesaros

MUSICK, PEELER
& GARRETT LLP  807858.1            1       RG12641637
ATTORNEYS AT LAW         DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**SERVICE LIST**

Todd M. Friedman, Esq.
360 S. Doheny Dr., #415
Beverly Hills, CA 90211
TEL: (877)206-4741
FAX: (866) 633-0228

*Attorneys for Plaintiff, MELISSA MEYER*

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

807858.1

2

RG12641637

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1 | **PROOF OF SERVICE**

2 | **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3 |     At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Orange, State of California.  My business address is 650 Town Center
4 | Drive, Suite 1200, Costa Mesa, California  92626-1925.

5 |     On September 14, 2012, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED**
6 | **STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA** on the interested parties in this action as follows:

7 |

**SEE ATTACHED SERVICE LIST**

8 |

9 | ☒     **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Musick,
10 | Peeler & Garrett LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is
11 | deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

12 |

13 |     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14 |

15 |     Executed on September 14, 2012, at Costa Mesa, California.

16 |

17 |                                   Michele D. Mesaros

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

811015.1

1

2                                   **SERVICE LIST**

3

4   Todd M. Friedman, Esq.                    *Attorneys for Plaintiff, MELISSA MEYER*
    360 S. Doheny Drive, #415
5   Beverly Hills, CA 90211
    Tel.: (877) 206-4741
6   Fax: (866) 633-0228

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW        811015.1